By the Court.
On August 29, 1908, John Parrott, 86 years of age, called a notary public and justice of the peace, who at Parrott’s direction prepared a will, bequeathing all his personal property to his wife; and also deeds of conveyance, one for 117 acres to his four grandchildren, 210 acres to his son Frank and the residue of his real estate, comprising 242 acres, to his daughter, Adell. Each of the deeds had a provision that the same should not be recorded until Parrott’s death, with an additional provision in Adell’s deed that she should receive nothing for the care of said Parrott and his wife. On that date each of the deeds, together with the will, were duly executed, acknowledged and attested by Parrott. The will and deeds were prepared and executed at the same time, and each delivered to the notary with directions that they should be taken by him and placed in the custody of the cashier of the local village bank, “with direc *185 tions that said deeds should be safely kept and delivered, at the decease of said John Parrott, to his heirs.” At the same time the deeds were delivered to the scrivener or notary the following written memorandum was prepared by the notary and the same delivered by Parrott to the notary with the deeds and will, viz.: “My request is that at my diseased [decease] that the within deeds be given to the parties named. Dated Aug. 29th, 1908. John Parrott.”
The notary delivered the deeds and will to the cashier, who placed them in an envelope and endorsed on the outside “John Parrott, Private Papers.” They were placed in the bank vault, where they remained until February, 1910, .when, Parrott's wife having died and desiring to execute another will, he asked the cashier for the will. The cashier then delivered the envelope and contents to Parrott. A day or two thereafter Parrott executed a new will, and soon thereafter took the new will, the deeds and memorandum back to the bank and' delivered them to the cashier, giving him oral instructions to deliver the papers upon his death to his son Frank, who had been named as executor in the new will. In June, 1910, Parrott died, and shortly thereafter the cashier delivered the papers to Frank, the son and executor, who delivered Adell’s deed to her and left the deed for the 117 acres to the grandchildren with the county auditor, and each of the deeds were later recorded.
The new will executed by Parrott made complete disposition of his personalty, but did not qffect the real estate conveyed.
*186 Held, from the facts stated:
1. No control, dominion or power of revocation was reserved over the real estate by the donor.
2. The cashier was the agent or trustee for the donees.
3. There was a valid and legal delivery, on the part of the donor, of the deeds to the grantees therein named.

The judgment is affirmed.

Johnson, 'Wanamaker, Newman, Jones and Matthias, JJ., concur.